UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PATRICIA D. HODGES, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:20-cv-422 |
| ANESTHESIA ASSOCIATES, | § § | With Jury Demand Endorsed |
| Defendant. | § § § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Patricia D. Hodges ("Plaintiff"), by and through counsel, for her Complaint against Defendant, Anesthesia Associates ('Defendant"), states as follows:

**I. INTRODUCTION**

1. Defendant engaged in willful, malicious, deceptive, and harassing actions against Plaintiff in furtherance of its efforts to illegally collect from her debts that were included in her bankruptcy case. Defendant, during the pendency of the Bankruptcy Case and after its debts had been discharged, sent Plaintiff monthly statements and past due notices on several different accounts.

2. Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.,* known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; and 3) the automatic stay and discharge injunctions of the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. Parties

3. Plaintiff is a natural person residing in Hardin County, Texas and a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant Anesthesia Associates is a domestic professional corporation that may be served by delivering a summons to its registered agent Stephen J. Schange, 755 North 11th Street, Suite P3600, Beaumont, Texas 77702.

5. Defendant is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

6. The debt Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 15 U.S.C. § 1681p.

8. Venue is proper this district, because Defendant transacts business in this district, Plaintiff filed her bankruptcy case in this district, and the conduct complained of occurred in this district.

## IV. Factual Allegations

**A. The Inclusion and Discharge of the Subject Debt in Plaintiff's Bankruptcy Case.**

9. On April 6, 2020, Plaintiff filed Chapter 7 bankruptcy in case number 20-10177 in the Eastern District of Texas Bankruptcy Court, Beaumont Division, ("Bankruptcy Case").

10. On Schedule F," filed with her bankruptcy petition, Plaintiff listed Anesthesia Associates ("the Account") which was owed money for medical services rendered.

11. A true and correct copy of relevant portions of Plaintiff's Schedule "F" is attached hereto as Exhibit "A."

12. On or about April 9, 2020, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, by first class mail. The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362. The United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

13. On July 20, 2020, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

14. On July 22, 2020, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Anesthesia Associates by first class mail. This mailing, which was not returned, constituted notice to Anesthesia Associates of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

15. A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "B."

16. At no time during the pendency of Plaintiff's Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the claim regarding the Account listed on Schedule "F" to Plaintiff's petition.

17. At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

18. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.     During the Chapter 7 Bankruptcy and After the Discharge of the Debt in Plaintiff's Bankruptcy Case, Defendant Attempted to Collect the Discharged Debt from Plaintiff Personally and Made Harassing and Offensive Contacts with Her.**

19. Following the April 6, 2020 initial filing and after the July 20, 2020 entry of the Discharge Order in Plaintiff's Bankruptcy Case, Defendant nevertheless engaged in prohibited debt collection activity against Plaintiff on the Account by sending Plaintiff billing statements and notices on the Account and making material misrepresentations to Plaintiff in those correspondences that she was still liable to pay the Account despite the fact the automatic stay was in effect, and even after the debt had been discharged.

**1)     During the Bankruptcy, Defendant Sent Statements and Notices Asking Her to Make Payment on the Account or to Take Action to Benefit Defendant.**

20. For example, on April 20, 2020, Defendant sent Plaintiff a statement with a payment coupon and return envelope asking her to "Please Pay: $73.80, Due Date: 05/10/20" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the automatic stay was in effect.

21. A true and correct redacted copy of relevant portions of the April 20, 2020 statement for $73.80 is attached hereto as Exhibit "C."

22. On or about April 20, 2020, Defendant sent Plaintiff another statement with a payment coupon and return envelope asking her to "Please Pay: $91.84, Due Date: 05/10/20" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the automatic stay was in effect.

23. A true and correct redacted copy of relevant portions of the April 20, 2020 statement for $91.84 is attached hereto as Exhibit "D."

24. On or about April 29, 2020, Defendant sent Plaintiff a statement with a payment coupon and return envelope asking her to "Please Pay: $335.80, Due Date: 05/19/20" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the automatic stay was in effect.

25. A true and correct redacted copy of relevant portions of the April 29, 2020 statement is attached hereto as Exhibit "E."

26. On or about May 25, 2020, Defendant sent Plaintiff a "STATEMENT" asking her to "PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT IN ENCLOSED ENVELOPE," Amount Due: $61.68, together with the following notice: "FINAL NOTICE Your account is delinquent.  If we do not receive payment from you within the next ten (10) days, we will have no choice but to refer your account to an outside collection agency…." even though the automatic stay was in effect.

27. A true and correct redacted copy of the May 25, 2020 statement is attached as Exhibit "F."

28. On or about June 1, 2020, Defendant sent Plaintiff a regular statement asking her to "Please Pay: $73.80, Due Date: 06/21/20" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the automatic stay was in effect.

29. A true and correct redacted copy of the June 1, 2020 statement for $73.80 is attached as Exhibit "G."

30. On or about June 1, 2020, Defendant sent Plaintiff another regular statement asking her to "Please Pay: $91.84, Due Date: 06/21/20" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the automatic stay was in effect.

31. A true and correct redacted copy of the June 1, 2020 statement for $91.84 is attached as Exhibit "H."

32. On or about June 2, 2020, Defendant sent Plaintiff a regular statement asking her to "Please Pay: $335.80, Due Date: 06/22/20" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the automatic stay was in effect.

33. A true and correct redacted copy of relevant portions of the June 2, 2020 statement are attached hereto as Exhibit "I."

34. On or about June 22, 2020, Defendant sent Plaintiff a "STATEMENT" asking her to "PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT IN ENCLOSED ENVELOPE," Amount Due: $61.68, together with the following notice: "FINAL

NOTICE Your account is delinquent. If we do not receive payment from you within the next ten (10) days, we will have no choice but to refer your account to an outside collection agency….″ even though the automatic stay was in effect

35. A true and correct redacted copy of relevant portions of the June 22, 2020 statement is attached hereto as Exhibit "J."

### 2) Plaintiff's Counsel Asked Defendant to Cease and Desist.

36. Frustrated by receiving so many statements, Plaintiff contacted her bankruptcy counsel who, in May 2020, called Defendant and requested they cease and desist sending his client any further statements. Defendant's representatives advised counsel they would stop sending the statements; however, the statements continued coming for months afterwards.

### 3) After Plaintiff's Discharge, Defendant Sent Numerous Account Statements and Past Due Notices to Harass her and Attempt to Coerce or Deceive Her into Paying the Debt or Taking Action to Benefit Defendant.

37. On numerous occasions after the Plaintiff's discharge, Defendant attempted to collect the Account by sending Plaintiff past due notices and statements requesting payment on the Account even though the Account had been discharged.

38. For example, on or about July 21, 2020, Defendant sent Plaintiff a "STATEMENT" asking her to "PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT IN ENCLOSED ENVELOPE," Amount Due: $61.68, together with the following notice: "FINAL NOTICE Your account is delinquent. If we do not receive payment from you within the next ten (10) days, we will have no choice but to refer your account to an outside collection agency…." even though the automatic stay was in effect.

39. A true and correct redacted copy of relevant portions of the July 21, 2020 statement is attached hereto as Exhibit "K."

40. On or about July 24, 2020, Defendant sent Plaintiff a regular statement asking her to "Please Pay: $335.80, Due Date: 08/13/2020" together with instructions to "Make Checks Payable To: Anesthesia Associates" and stating "PAYMENT OF THIS BALANCE IS YOUR PERSONAL RESPONSIBILITY," even though the debt had been discharged.

41. A true and correct redacted copy of relevant portions of the July 24, 2020 statement is attached hereto as Exhibit "L."

42. On or about August 18, 2020, Defendant sent Plaintiff a "STATEMENT" asking her to "PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT IN ENCLOSED ENVELOPE," Amount Due: $61.68, together with the following notice: "FINAL NOTICE Your account is delinquent. If we do not receive payment from you within the next ten (10) days, we will have no choice but to refer your account to an outside collection agency…." even though the debt had been discharged.

43. A true and correct redacted copy of relevant portions of the August 18, 2020 statement are attached hereto as Exhibit "M."

## V. Grounds for Relief - Count I

### Texas Finance Code – Texas Debt Collection Act (TDCA)

44. Plaintiff repeats, re-alleges, and incorporates by reference all the above Paragraphs as if fully rewritten herein in their entirety.

45. Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

   a. Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law. Inasmuch as: 1) the bankruptcy automatic stay and discharge injunction prohibits anyone from attempting to collect debts included or discharged in bankruptcy *in personam*; 2) the common law protects Plaintiff's privacy rights); Defendant's actions against Plaintiff also violated the TDCA;

    b. Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt. Defendant misrepresented to Plaintiff that the Account, which had been discharged, was past due and owing in notices and statements; these were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA;

    c. Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs (a and b); Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt, while Defendant knew the Accounts were discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiff *in personam.*

46. Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

47. Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include her reasonable attorney's fees incurred in prosecuting this claim.

## VI. GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

48. Plaintiff repeats, re-alleges, and incorporates by reference all the previous Paragraphs above, as if rewritten here in their entirety.

49. At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant during the bankruptcy and post-discharge. The Defendant had no legal justification for contacting her during the bankruptcy or after a discharge had been granted. Thus, Defendant's statements and notices to her were invasions of Plaintiff's privacy rights. These wrongful acts of Defendant caused injury to Plaintiff.

50. Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused injury to Plaintiff, which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII.  GROUNDS FOR RELIEF- COUNTS III AND IV

### VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

51. Plaintiff repeats, re-alleges, and incorporates all previous paragraphs above as if set forth herein in their entirety.

52. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

53. Defendant attempted to collect from Plaintiff personally during the bankruptcy and after the debt had been discharged or to get Plaintiff to take some action to benefit the Defendant, as evidenced by the sending of statements and past due notices to Plaintiff.

54. Defendant's actions were willful acts in furtherance of its efforts to collect the included debt from Plaintiff, in violation of the automatic stay of 11 U.S.C. § 362 or discharge injunction imposed by 11 U.S.C. § 524(a).  Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff to pay the discharged debt.  Defendant's failure to comply with the aforesaid laws, despite Defendant's being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law, the automatic stay and the discharge injunction.

55. The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff, in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

56. Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on her claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

57. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived ..."

58. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

59. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

60. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

61. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of the automatic stay of 11 U.S.C. § 362 and the discharge injunction of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII. VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

62. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

## IX. DAMAGES

63.     In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury.  Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff's time and mental energy, which are precious to her.

64.     At all relevant times, Defendant knew, and it continues to know, that, pursuant to a discharge order granted by a U.S. Bankruptcy Court, discharged debts are no longer legally collectible, but Defendant made a corporate decision to act knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew had been discharged as a result of Plaintiff's Bankruptcy Case.  Defendant had no right to engage in any of its actions at issue.

65.     Due to Defendant's conduct, Plaintiff was forced to hire counsel, and her damages include reasonable attorney's fees incurred in prosecuting her claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Patricia D. Hodges, prays the Court:

A.     Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the automatic stay and the discharge injunction;

B      Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.     Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

      D.      Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

                                      Respectfully submitted,

                                      */s/ James J. Manchee*
                                      James J. Manchee
                                      State Bar Number 00796988
                                      jim@mancheelawfirm.com
                                      MANCHEE & MANCHEE, PC
                                      2745 North Dallas Parkway, Suite 420
                                      Plano, Texas 75093
                                      (972) 960-2240 (telephone)
                                      (972) 233-0713 (fax)

                                      COUNSEL FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

October 16, 2020                                           */s/ James J. Manchee*
Date                                                             James J. Manchee